**\*\* USE FOR NEW LAWSUITS ONLY \*\***
# STATE FARM INSURANCE COMPANIES
## CORPORATE LAW EXTRA CONTRACTUAL LITIGATION SECTION
TO: Corporate Law (ECLS Law Clerk)   FAX NO. (309) 735-1117

309-766-6862

> **CONFIDENTIALITY NOTICE:** The information contained in this facsimile message contains **privileged and confidential** material and/or trade secret materials intended for the sole use of the above individuals named above. If you are not the intended recipient listed above, you are hereby notified that any disclosure, copying or distribution of this information or the taking of any action in reliance on the contents of this transmission is **STRICTLY PROHIBITED**. If you have received this transmission in error, please notify us immediately by telephone so that we can arrange for the return of this material at no cost to you.

From: Michael W. Haga
Date/Time Sent: 9/15/2014 / 1:30 pm
Total Pages: 17
(including cover sheet)

Phone Number: 865-694-1376
Please Contact: Mike Haga
at:
regarding transmission errors.
Policy Number: 42-BK-5987-3

RE: LAWSUIT CAUSE NO.: 14CV0176
Insured: Billie Rhoton (deceased)
Lawsuit Filing Date: 09/09/2014
Prior to ECLS Handling:
DCS/CSM: Jackie Carter
Phone: 615-692-3788
Clm. Supt./Tm. Mgr.: Michael W. Haga
Phone: 865-694-1376

Claim Number: 42-397F-532
Date of Loss: 01/18/2014
Service Date: ??
Subsequent to ECLS Handling (If different):
DCS/CSM:
Phone:
Clm. Supt./Tm. Mgr.:
Phone:

Draft Coding:
FIRE: ☑   Cause: 33,34,69
AUTO: ☐   Loss Code:
Line Number:

Claims Division Number: 1-11-058-163-ZA

### SPECIAL RECOMMENDATIONS:
Byron, Suit filed in Circuit Ct for Hawkins Co. and will definitely need to be removed to Fed. Ct. (This is a Complimentary copy as State Farm not served yet.) Please see Atty letter.

**\*\* USE FOR NEW LAWSUITS ONLY \*\***



## IN THE CIRCUIT COURT FOR THE THIRD JUDICIAL DISTRICT
## AT ROGERSVILLE, HAWKINS COUNTY, TENNESSEE

DONNA KAY STUBBLEFIELD, )
Administrator CTA of the Estate of )
Billie June Rhoton, Deceased, )
and Individually and LORI )
COTTEN, )
)
Plaintiffs, )
) NO. 14CV0176(AEP)
v. )
) JURY DEMAND
STATE FARM FIRE AND CASUALTY )
COMPANY, )
)
Defendant. )

### COMPLAINT

Come the plaintiffs and for cause of action against the defendant would show unto the Court the following:

1. Plaintiffs, are, and at all times herein mentioned, residents of Hawkins County, Tennessee.

2. Plaintiff, Donna Kay Stubblefield is the Administrator CTA of the Estate of Billie June Rhoton, which estate was administered pursuant to the probate of the last will and testament of Billie June Rhoton duly filed for probate on May 2, 2013 in the Chancery Court for Hawkins County, Tennessee, in Cause No. 2013-PR-78.

3. That Billie June Rhoton died testate on February 8, 2013.

4. Pursuant to the provisions of the last will and testament of Billie June Rhoton, plaintiffs, Donna Kay Stubblefield and Lori Cotten (Rhoton) are the devisees of a certain house and lot located at 300 South Rogers Street, Rogersville, Tennessee.

5. That defendant is an insurance company authorized to do business within the State of Tennessee and upon whom service of process may be had to the Department of Commerce and Insurance pursuant to T.C.A. §56-2-103.

5. That at the time of her death Billie June Rhoton was the insured under a policy of fire insurance issued by the defendant; to-wit, Policy No. 42BK59873. That said policy of fire insurance insured the residence structure located at 300 South Rogers Street, Rogersville, Tennessee. Further, said policy of fire insurance was in effect on the date of loss as hereinafter set forth. The policy covered loss to structure and to personal property located therein as well as loss of use that would be occasioned due to damage by fire.

6. While the policy of insurance aforesaid was in full force and effect on January 18, 2014 the plaintiffs' residence located at 300 South Rogers Street, Rogersville, Tennessee and all personal property contents therein were totally destroyed by fire. At the time of the fire and loss the insured property was of an actual cash value in excess of the face amount of the above described policy of insurance. The actual cash value of the real property at the time of the fire is believed to be $145,000.00 to $175,000.00 and the actual cash replacement value of the personal property contained therein is believed to be approximately $250,000.00 to $300,000.00.

7. Plaintiffs have also experienced the loss of use of the residential real property from and after the date of the fire up to and including the date of the filing of the complaint herein.

8. Immediately after the date of the fire, plaintiffs notified defendant of the fire loss and damage. A Proof of Loss was duly prepared and filed by plaintiffs and

presented to defendant. Plaintiff has fully complied with each and every term, condition and provision of the policy of insurance on plaintiffs' part to be performed.

9. Defendant failed to timely pay insurance proceeds due as a result of the loss to the plaintiffs pursuant to the terms of the insurance policy and on June 13, 2014 defendant was duly notified pursuant to T.C.A. §56-7-105, that if defendant failed to pay the claim within sixty (60) days of the date of said demand for payment plaintiffs would rely on the bad faith provisions of the foregoing statute and seek an additional twenty-five (25%) percent on the payment of the loss occasioned by plaintiffs.

10. Defendant has continued to fail to pay the claim pursuant to the above referenced policy of insurance, and as a result thereof plaintiffs have incurred additional expenses and losses due to the loss of the use of their residence as a result thereof.

11. That the policy of insurance was in full force and effect and was obligatory at the time of the above mention fire, loss and damage, and the defendant has failed and refused to pay the plaintiffs the amount due to be paid under the terms of the policy. Plaintiffs sustained a loss in excess of the maximum amount of recovery allowed under the policy, and therefore is entitled to recover of and from the defendant the face amount of the policy, together with pre-judgment interest thereon from the date of the fire.

12. Defendant has breached its contract of insurance with the plaintiffs.

13. The plaintiffs are entitled to recover an additional twenty-five (25%) percent of their loss sustained as a result of the bad faith of the defendant in failing to pay pursuant to the policy of insurance referenced above and as the result of the breach of the contract of insurance.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS DEMAND:**

1. Judgment against the defendant in the amount of $240,000.00.

2. Judgment against the defendant for loss of use in the amount $20,000.00.

3. Judgment against the defendant for an additional twenty-five (25%) percent of amount awarded to plaintiffs due to the defendant's bad faith.

4. And for further general relief.

5. That a jury try this cause.

*[signature]*

William E. Phillips
*Attorney for Plaintiffs*
PHILLIPS & HALE
210 East Main Street
Rogersville, TN 37857
(423)272-7633
BPR#4235

## COST BOND

We secure costs in the above styled matter.

This 9th day of September, 2014.

William E. Phillips

# IN THE CIRCUIT COURT FOR THE THIRD JUDICIAL DISTRICT
## AT ROGERSVILLE, HAWKINS COUNTY, TENNESSEE

| | |
|---|---|
| DONNA KAY STUBBLEFIELD, Administrator CTA of the Estate Billie June Rhoton, Deceased and Individually and LORI COTTEN,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendant. | NO. 14CV0176 |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Come the plaintiffs, Donna Kay Stubblefield and Lori Cotten, by and through counsel, and submit the following Interrogatories and Requests for Production of Documents to defendant, State Farm Fire and Casualty Company. Pursuant to Rules 26, 33 and 34 of the Tennessee Rules of Civil Procedure ("TRCP"), you shall answer each of the following Interrogatories under oath, in writing, separately, in the fullest detail possible, and in accordance with the definitions and instructions set forth below, and serve a written response to each request to produce for inspection and copying the documents requested herein. The Answers to Interrogatories shall be signed by the person making them, and a copy of the Answers, together with your objections, if any, shall be served upon defendants' attorney no later than thirty (30) days after the service of these Interrogatories and Requests for Production of Documents.

Furthermore, pursuant to Rule 26.05 of the Tennessee Rules of Civil Procedure, you are under a duty seasonably to supplement your response with respect to any Interrogatory. In addition, you are under a duty to amend a prior response if you obtain information on the basis of which you know that the response was incorrect when made, or that the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response in substance is a knowing concealment.

### DEFINITIONS:

As used herein, the following words or phrases shall be defined as follows:

Person shall mean any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

The word "or" appearing in an Interrogatory should not be read so as to eliminate any part of the Interrogatory, but, whenever applicable, it should have the same meaning as the word "and".

The pronouns "you", "your" and "yourself" as used herein shall refer to the plaintiff and/or other persons acting on behalf of, or at the request of the plaintiff.

Explain shall mean to render such information so as to adequately clarify or make understandable the situation or conduct of which inquiry is being made.

Identify, identification, or identity when used in reference to (a) a natural individual, requires you to state his or her full name and residential and business addresses; (b) a corporation, requires you to state its full corporate name and any names

under which it does business, its State of incorporation, the address of its principal place of business, and the addresses of all of its offices in Tennessee; (c) a business, requires you to state the full name or style under which the business is conducted, its business address or addresses, the types of business in which it is engaged, the geographic areas in which it conducts those businesses, and the identity of the person or persons who own, operate and control the business; (d) a document, requires you to state the number of pages and the nature of the document (e.g., letter, memorandum, etc.), its title, its date, the name or names of its authors and recipients, and its present location and custodian; (e) a communication, requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication, and, to the extent that the communication was not written, to identify the persons participating in the communication and to state the date, manner, place, and substance of the communication.

Communication shall mean any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

Document shall mean any writings, electronically stored information, or other medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, e-mail, report, record, contract, financing statement, security agreement, agreement, study, handwritten note,

draft copy, working paper, chart, paper, print, drawing, sketch, graph, index, list, tape, disc, diskette, photograph, microfilm, data sheet or data processing card, or any other written, recorded, transcribed, published, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody, or control or which was, but is no longer, in your possession, custody, or control.

With respect to each Request, defendant is to identify all documents and communications that support, refer to, contradict, or evidence the subject matter of each Request and the defendant's Responses thereto. If any or all documents identified herein are no longer in the defendant's possession, custody, or control because of destruction, loss or any other reason, then do the following with respect to each and every such document: (a) describe the nature of the document (e.g., letter or memorandum); (b) state the date of the document; (c) identify the persons who sent and received the original and a copy of the document; (d) state in as much detail as possible the contents of the document; and (e) state the manner and date of disposition of the document. If the plaintiff contends that they are entitled to withhold from production any or all documents identified herein on the basis of the attorney-client privilege, the work-product doctrine, or other ground, then do the following with respect to each and every document: (a) describe the nature of the document (e.g. letter or memorandum); (b) state the date of the document; (c) identify the persons who sent and received the original and a copy of the document; (d) state the subject matter of the document; and (e) state the basis upon which the defendant contends that they are entitled to withhold the document from production.

## INTERROGATORIES

**Interrogatory No. 1:** Please state the full name, address and employment position with the defendant of the person answering these interrogatories.

Answer:

**Interrogatory No. 2:** Please state each and every reason together with the facts supporting the conclusion thereof, why the defendant refuses to pay the fire loss claim of the plaintiffs, the loss caused by the fire of the residential dwelling located at 300 South Rogers Street, Rogersville, Tennessee on January 18, 2014.

Answer:

**Interrogatory No. 3:** Please give the name, address and telephone number of each person who would have any information or knowledge of any facts which would support defendant's decision to refuse to pay the claim of plaintiffs in this cause.

Answer:

**Interrogatory No. 4:** Please identify each person whom you expect to call as a witness at the trial of this case and provide the following information:

A. Name, address and telephone number of the witness.

B. The substance of the facts to which the witness is expected to testify.

C. The manner by which the witness acquired the information that he/she is expected to testify.

Answer:

**Please note that the plaintiffs will seek to exclude the testimony of any witnesses not listed in this interrogatory or any supplement thereto pursuant to Rule 26 of the *Tennessee Rules of Civil Procedure.***

**Interrogatory No. 6:** Identify each person whom you expect to call as an expert witness at the trial of this case. For each such expert witness please state the following:

A. The person's name and present address.

B. The person's profession or occupation and area of specialty.

C. The person's complete educational background; including any professional, occupational or specialized training.

D. A list of any professional organizations or associates of this a person is a member; including the dates of membership and any position held.

E. A list of any books, articles or publications of any kind written by the person, individually or with others, identified by author, name and publication, date of publication and publisher.

F. List those places where the person is licensed to practice his profession or occupation.

**Answer:**

**Please note that the plaintiffs will seek to exclude the testimony of any expert witness who is not listed in this interrogatory or any supplement thereto pursuant to Rule 26.05 of the *Tennessee Rules of Civil Disclosure.***

**Interrogatory No. 7:** For each such expert that you intend to call at the trial of this cause please state:

A. The subject matter on which the expert witness is expected to testify.

B. The substance of the facts which each expert witness is expected to testify.

C. The substance of the opinions to which each expert witness is expected to testify.

D. A summary of the grounds for each opinion.

E. All writings, documents and other sources of information which you or someone on your behalf have provided to each expert witness.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request No. 1:** Please produce a copy of any all reports, notations, memoranda or other writings compiled by defendant or prepared by defendant or on defendant's behalf concerning the fire loss claim of plaintiffs which occurred as a result of the fire on January 18, 2014 at 300 South Rogers Street, Rogersville, Tennessee.

**Request No. 2:** Please produce copies of all photographs made by defendant or on the defendant's behalf of the premises located at 300 South Rogers Street, Rogersville, Tennessee made prior to and subsequent to the fire loss on January 18, 2014.

**Request No. 3:** Please produce copies of any and all electronic communications in the possession of or under the control of defendant which communications pertain to, or have as a subject matter thereof, the fire and the loss sustained by the plaintiffs on January 18, 2014 at 300 South Rogers Street, Rogersville, Tennessee.

**Request No. 4:** For any documents which are being withheld pursuant to any claim of privilege, work product, or being overly burdensome, please list those documents being withheld by stating the following:

A. The name or description of the document.

B. The date of the document.

C. The author of the document.

D. The recipient of the document.

E. A general description of the type of information contained in the document.

F. The location of the document.

G. The number of pages contained in the document.

H. The reason why the document is not being provided.

**Request No. 5:** Please produce an exact copy of the policy of insurance issued by the defendant insuring the residence located at 300 South Rogers Street, Rogersville, Tennessee on January 18, 2014, to include the declaration page.

Respectfully submitted:

William E. Phillips
Attorney for Plaintiffs
PHILLIPS & HALE
210 East Main Street
Rogersville, TN 37857
(423) 272-7633
BPR #4235

## CERTIFICATE OF SERVICE

I, William E. Phillips, do hereby certify that a true and correct copy of the foregoing Plaintiffs' First Set of Interrogatories and Requests for Production of Documents has been served by attaching the same to the Complaint and original Summons.

This ___9th___ day of September, 2014.

_____
William E. Phillips